UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-CV-00165-MEO-DCK

| | |
|---|---|
| KEVIN W. LAFONE, BAYPORT HOLDINGS, INC., ROBERT EUGENE WATSON, DENVER PROPERTY PARTNERS LLC, HEATHER W. O'BRIEN, AND AKIBA J. GREEN,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST NATIONAL BANK OF PENNSYLVANIA,<br><br>Defendant. | <u>MEMORANDUM & ORDER</u> |

**THIS MATTER** is before the Court on Defendant First National Bank of Pennsylvania's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. No. 34), Defendant's Motion for Judicial Notice (Doc. No. 37), and Plaintiffs' Motion for Judicial Notice (Doc. No. 41). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss and deny as moot the Motions for Judicial Notice.

## I. BACKGROUND

Plaintiffs Denver Property Partners LLC ("DPP"), Bayport Holdings, Inc., and individual guarantors Kevin Lafone, Robert Eugene Watson, Heather O'Brien, and Akiba Green have brought the present dispute against Defendant First National Bank of Pennsylvania. From what the Court can piece together, the disagreement appears to stem from a series of loan transactions originating in 2013 intended to finance the development of a commercial gun range and its operational inventory.

(Doc. No. 28 ¶¶ 11–20). DPP took out two loans from Defendant for the commercial development—the 6980 Loan for $500,000 and the 7028 Loan for roughly $3.75 million. *See generally id.* ¶¶ 14, 17–18, 23–25, 28, 31. When Plaintiffs failed to meet their repayment obligations on the 6980 Loan, Defendant allowed Plaintiffs to renew on that Loan three times rather than default on it. *See id.* ¶¶ 136 (January 2014), 58 (May 2014), 159 (July 2014). For the operational inventory expenses, DPP took out the 8289 Loan for $350,000, which Plaintiffs allege, through a tangled web of pleadings, was converted into another loan—the 4313 Loan. *See generally id.* ¶¶ 393, 395–413, 504–506.

By September 2017, Plaintiffs defaulted on the 6980, 7028, and 4313 Loans after they failed to meet their repayment obligations. *See id.* ¶¶ 543, 549, 572, 576. On June 4, 2018, Defendant initiated a Deficiency Action against Plaintiffs in Lincoln County Superior Court. *Id.* ¶¶ 602–03. Defendant ultimately foreclosed on the property at issue. *See generally id.* ¶¶ 1201, 1320, 1415, 1559.

Plaintiffs initiated this action on July 15, 2024. (Doc. No. 1). On September 9, 2024, Plaintiffs filed a First Amended Complaint spanning 315 pages and 2083 paragraphs (excluding subparts). (Doc. No. 6). Defendant moved to dismiss the First Amended Complaint, identifying substantial pleading and legal deficiencies under Federal Rules of Civil Procedure 8(a) and 12(b)(6), and asked the Court to strike the pleading under Rule 12(f). (Doc. No. 14). Plaintiffs subsequently informed the Court in a Joint Status Report that they intended to move for leave to file a second amended complaint. (Doc. No. 26). On August 13, 2025, the Magistrate Judge issued an order

allowing Plaintiffs to file a second amended complaint and denying without prejudice Defendant's prior motion to dismiss as moot. (Doc. No. 27). In that order, the Magistrate Judge directed Plaintiffs to carefully consider the deficiencies Defendant outlined in its Motion to Dismiss and reminded Defendant that they may renew their prior deficiency arguments if so warranted. *Id.* at 2.

On October 3, 2025, Plaintiffs filed their 166-page, 965-paragraph (excluding subparts) Second Amended Complaint (the "Complaint"). Plaintiffs assert six causes of action that include as many as 15 claims-within-claims nested within each count, totaling approximately 50 sub-causes of action. Plaintiffs' six main causes of action are: (1) Breach of Contract; (2) Actual Fraud; (3) Breach of Fiduciary Duty; (4) Constructive Fraud; (5) Violation of the Fair Credit Reporting Act; and (6) Violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1-1, *et seq. Id.* On November 3, 2025, Defendant moved to dismiss the Second Amended Complaint. (Doc. No. 34). That same day, Defendant filed a Motion for Judicial Notice. (Doc. No. 37). On December 2, 2025, Plaintiffs responded to Defendant's motion and filed their own Motion for Judicial Notice. (Doc. Nos. 41, 43). The motions are ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 n.3 (2007). A complaint does not comply with Rule 8 if it "forces the reader to cross-reference the factual background section and wade indeterminately through the morass of superfluous detail." *North Carolina v. McGuirt*, 114 F. App'x 555, 558–59 (4th Cir. 2004). A complaint that fails to comply with Rule 8(a)'s pleading requirements is subject to dismissal pursuant to Rule 12(b)(6). *See id.*; *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) ("A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint," including "whether it meets the standards for a pleading stated in Rule 8.").

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570;). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pleaded facts as true and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Conner v. Cleveland Cnty. N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022).

Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding

the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III. DISCUSSION

Defendant argues this Court should dismiss Plaintiffs' Complaint in full for four reasons: (1) the Complaint fails to satisfy Rule 8(a)'s basic mandate to plead a "short and plain statement" that puts Defendant on notice of the allegations against it; (2) all Plaintiffs' claims are compulsory counterclaims that Plaintiffs could have brought in the Deficiency Action, and thus are barred under Rule 13(a); (3) Plaintiffs fail to plead the essential elements of each cause of action, or such claims are barred as a matter of law and should be dismissed pursuant to Rule 12(b)(6); and (4) the Complaint should be stricken, in whole or in part, pursuant to Rule 12(f). For the reasons discussed below, the Court will dismiss Plaintiffs' Complaint without prejudice for failure to comply with Rule 8(a).

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim" and that each averment "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Defendant points to Plaintiffs' embedding of claims within claims within claims.[1] Further, Defendant highlights that Plaintiff fails to provide any consistent labeling for the various documents and loans it references (nor do Plaintiffs attach any of these documents). Defendant also directs the Court to some of Plaintiffs' allegations that are grammatically confusing or unintelligible. Plaintiff does not

[1] Defendant made a chart to aid the Court and to attempt to make sense of Plaintiffs' allegations. (Doc. No. 36-1).

respond to any of Defendant's arguments under Rule 8 and instead briefly argues that the Complaint complies with Rule 9(b)'s requirement that Plaintiffs plead fraud with particularity.[2]

Rule 8 requires a pleading party to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Fourth Circuit has recognized that a complaint that is overly long, complex, or confusing may be dismissed under Rule 8, and courts should look to the following factors when making such a determination: "the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewraz v. Long*, 407 F. App'x 718, 718–19 (4th Cir. 2011) (citations omitted). "Generally, complaints dismissed under Rule 8(a) are substantially longer and more complex." *Id.* (citing *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (155 pages, 400 paragraphs, 99 attachments); *Westinghouse Sec.,* 90 F.3d at 703–06 (3d Cir.1996) (600 paragraphs, 240 pages); *Vicom, Inc. v. Harbridge Merch. Svcs.,* 20 F.3d 771, 775–76 (7th Cir. 1994) (finding 385-paragraph, 119-page "less-than-coherent" complaint should have been dismissed); *Kuehl v. FDIC,* 8 F.3d 905,

[2] Federal Rule of Civil Procedure 9(b) requires that a party pleading fraud "describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008).

906–09 (1st Cir. 1993) (358 paragraphs, 43 pages); and *Michaelis v. Nebraska State Bar Ass'n,* 717 F.2d 437, 439 (8th Cir. 1983) (144 paragraphs, 98 pages)).

Looking at the first consideration, Plaintiffs' Complaint is certainly lengthy and complex. It is 166 pages and contains 965 paragraphs, not including subparagraphs. (Doc. No. 28). Plaintiffs plead claims within claims within claims, and the claims-within-claims cross-reference other claims-within-claims. Count Three illustrates the problem—it appears to allege several distinct theories for the existence of a fiduciary relationship, followed by fifteen asserted breaches, many of which contain additional alleged breaches and incorporate the fraud allegations from Count Two. Count Four then incorporates the fraud and fiduciary-duty theories, while Count Six incorporates multiple portions of Counts Two through Five.

Although Plaintiffs attempt to associate facts with claims—and Defendant even managed to generate a claims chart from the pleadings (Doc. No. 36-1)—the Complaint's nested structure requires the Court and Defendant to reconstruct the claims by cross-referencing almost a thousand allegations. This is exactly the type of pleading Rule 8 seeks to prevent. *See McGuirt*, 114 F. App'x at 559. Furthermore, Plaintiffs' inconsistent nomenclature and overall lack of specificity make the Complaint unworkable.

Turning to whether the Complaint is clear enough for Defendant to defend itself, for the same reasons that the Complaint is lengthy and overly complex, it also fails to clearly articulate the claims for Defendant. Lastly, Plaintiffs are not proceeding *pro se*, so the Court need not provide Plaintiffs any leniency in that regard.

In fact, the Magistrate Judge already warned Plaintiffs to take into consideration these pleading deficiencies when allowing Plaintiffs to file a Second Amended Complaint, and Plaintiffs failed to do so.

Plaintiffs' reliance on Rule 9(b) does not excuse these defects. The obligation to plead fraud with particularity supplements, rather than displaces, Rule 8. Rule 8 supplies both allowances and constraints that must inform a proper understanding of what Rule 9(b) requires; one cannot focus exclusively on the fact that Rule 9(b) requires particularity in pleading the circumstances of fraud without taking into account the general simplicity and flexibility that Rule 8 contemplates,[3] as well as the strictures of plausibility pleading. Particularity requires an organized identification of the allegedly fraudulent statements or omissions and the circumstances surrounding them. It does not require, or permit, a pleading so repetitive and internally layered that the operative claims cannot reasonably be identified. Further, the Rule 8 issues with Plaintiffs' Complaint are present beyond the fraud claims, where Rule 9 does not apply.

"Although there might be facts on which plaintiffs could have stated a claim . . . , the complaint as drafted does not reveal them." *North Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004). Accordingly, the Court will dismiss Plaintiffs' Complaint without prejudice for failure to comply with Rule 8(a).[4] *See*

---

[3] *See* 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1298 Pleading Fraud With Particularity—Extent of Requirement (4th ed.).

[4] Even setting aside Rule 8(a), and to the extent the Court can parse the pleadings, dismissal appears independently warranted under Rule 12(b)(6) for the reasons raised by Defendant in their Motion.

*McGuirt*, 114 F. App'x at 559 ("Dismissing a claim with prejudice for failure to comply with Rule 8(a) tends to undermine one of the policies of the Federal Rules of Civil Procedure: facilitating a decision on the merits rather than on pleading technicalities."). Because the Court is dismissing Plaintiffs' Complaint, the Court will deny as moot the Motions for Judicial Notice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss the Second Amended Complaint (Doc. No. 34) is **GRANTED;**
2. Plaintiffs' Second Amended Complaint (Doc. No. 28) is **DISMISSED WITHOUT PREJUDICE**;
3. The parties' Motions for Judicial Notice (Doc. Nos. 37, 41) are **DENIED AS MOOT**; and
4. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: September 24, 2026

Matthew E. Orso
United States District Judge